1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

MAY 15 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| RUFUS LOVELL BROOKS, | ) | COMPLAINT |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAC WIRELESS, LLC, | ) | 1:18-cv-03472 |
| | ) | Judge Edmond E. Chang |
| Defendant. | ) | Magistrate Judge Michael T. Mason |

## NATURE OF THE ACTION

This is an action under The Age Discrimination in Employment Act of 1967, as amended, and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991; to correct unlawful employment practices based on age, race and/or color, and to provide appropriate relief to Plaintiff, Rufus Lovell Brooks who was adversely affected by such practices. The Plaintiff alleges that SAC Wireless, LLC, had a pattern or practice of refusing to hire because of age.

The Plaintiff alleges that SAC Wireless, LLC, had a pattern or practice of refusing to hire non-Caucasians because of their race and/or color.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and -6 ("Title VII") and Section 102 of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a. section 115 of the Civil Rights Act of 1991 (P.L. 102-166)

2. Venue is proper in United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391, because the unlawful conduct alleged herein was committed within the boundaries of the Northern District of Illinois.

3. In or around July 2016 to the present, Plaintiff completed job applications and applied for any position at any of Defendant's locations.

4. Plaintiff was not offered employment.

5. Plaintiff applied for jobs companywide.

6. Plaintiff has fulfilled all administrative prerequisites to filing this complaint.

7. Within 180 days of the last act of complained of discrimination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") in its Chicago's District Office where Defendant's Corporate office is located.

8. A copy of Plaintiff's Notice of Right to Sue is attached hereto as Exhibit "A."

9. This complaint is filed within 90 days of receipt of the Notice of Right to Sue and, therefore, Plaintiff's complaint is timely.

4

## PARTIES

10. Plaintiff is an individual and resided within the State of Florida at the time of his applications for employment with Defendant (hereinafter referred to as, Plaintiff).

11. At all relevant times, SAC Wireless, LLC (herein after referred to individually as, Defendant) ·has continuously been an Illinois corporation doing business throughout the United States and State of Florida, and has continuously had at least 600 employees.

12. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## FACTUAL ALLEGATIONS

Plaintiffs repeat and reallsege, and incorporate by this reference, the allegations set forth in paragraph 1 through 12, inclusive, as though fully set forth herein.

13. More than thirty days prior to the institution of this lawsuit, Plaintiff filed charges with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of Title VII Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991; by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

14. Since at least September 1, 2016, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42

5

U.S.C. § 2000e-2(a), and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991; Defendant had a pattern or practice of refusing to hire non-Caucasians because of their race, age and/or color.

15. Defendant is a wireless telecommunication company with operations throughout the United States and the State of Florida, including Orlando, Florida.

16. During the relevant time frame, Plaintiff is a Sixty-eight year old black male telecommunication professional with over forty years of wireless telecommunication experience.

17. During the relevant time frame, Plaintiff has a bachelor's degree from the University of Texas

18. . Since October 2016 until the present, Plaintiff submitted sixty applications for positions with Defendant.

19. Plaintiff was qualified for each of the sixty positions he submitted applications for.

20. The job descriptions for each position Plaintiff applied for with Defendant contained the phrase "bachelor's degree required".

21. On or about September 2016, Plaintiff applied for a Project Construction Manager position with Defendant.

22. Plaintiff was not hired for the Project Construction Manager position.

23. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

24. On or about September, 2016, Plaintiff applied for a Project Manager position with Defendant.

25. Plaintiff was not hired for the position.

26. Although Plaintiff was qualified for the Project Manager position, a less

qualified white male was hired for the position

27. On or about September, 06, 2016, Plaintiff applied for a Construction Manager position with Defendant.

28. Plaintiff was not hired for the position.

29. Although Plaintiff was qualified for the Construction Manager position, a less qualified white male was hired for the position.

30. On or about September 08, 2016, Plaintiff applied for a Project Manager position with Defendant.

31. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

32. Although Plaintiff was qualified for the Manager position, a less qualified white male was hired for the position.

33. On or about October 12, 2016, Plaintiff applied for a Project Manager position with Defendant.

34. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

35. On or about November 12, 2016, Plaintiff applied for a Project Manager position with Defendant.

36. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

37. On or about December 9, 2016, Plaintiff applied for a Project Manager position with Defendant.

38. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

39. On or about January 5, 2017, Plaintiff applied for a Project Manager position with Defendant.

40. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

41. On or about January 31, 2017, Plaintiff applied for a Project Manager position with Defendant.

42. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

43. On or about February 15, 2017, Plaintiff applied for a Project Manager position with Defendant.

44. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

45. On or about February 22, 2017, Plaintiff applied for a Construction Manager position with Defendant.

46. Although Plaintiff was qualified for the Construction Manager position, a less qualified white male was hired for the position.

47. On or about March 26, 2017, Plaintiff applied for a Construction Manager position with Defendant.

48. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

49. On or about April 14, 2017, Plaintiff applied for a Project Manager position with Defendant.

50. Although Plaintiff was qualified for the Project Manager position, a less qualified white male was hired for the position.

51. On May 4, 2017, during a call with Defendant' HR managers, Wanda Rodriguez and Steve Rosenblum, Plaintiff was told that none of the hiring manager that had reviewed his resume, or interviewed him, wanted to hire him because he did not fit in. Steve Rosenblum stated" they want someone

8

that they could relate to, not an old timer"

52. Plaintiff, from July 1, 2015 until the present, applied for sixty positions with Defendant.

53. Plaintiff contends that he was qualified to perform the duties of many positions within the Defendant's company, including supervisory or managerial positions, but was not hired and that less qualified person of other races was placed in the position.

54. Plaintiff alleges that he was not considered for jobs; although he was more qualified and had all the educational and experiential qualifications that were reasonably related to success in the jobs for which application was made.

55. Plaintiff was not granted an interview for only two of the sixty positions he applied for with Defendant.

56. Plaintiff was not hired for any of the sixty positions he applied for with Defendant.

57. Defendant's employment records, if there are any, will show that many of the positions that Plaintiff applied to were filled by Caucasians.

58. Plaintiff filed a discrimination complaint with the Equal Employment Commission against the Defendant on September 14, 2017.

## COUNT I

59. Comes now the Plaintiff and reallege each and every material and factual allegation of paragraphs 1 through 58 of Plaintiff's complaint as though the same were fully set forth here, and Plaintiff further avers that the action of the Defendant constituted race based discrimination against the Plaintiff in terms, conditions, and privileges of employment because of race, in violation of Section 703(a) of Title VII, 42 U.S.C. §

9

2000e-2(a). Defendant had a pattern or practice of refusing to hire non-Caucasians because of their race and/or color.

60. Plaintiff avers that the Defendant's illegal practices were intentional, willful, and wanton, and done with reckless disregard for the Plaintiff's· federally protected civil rights.

61. Plaintiff alleges that as a proximate result of the statutory violations by Defendant, he is now suffering and will continue to suffer material damages and economic losses, mental anguish and emotional distress, and other damages because of the discriminatory practices of the Defendant unless and until this Court grants relief.

## <u>COUNT II</u>

62. Comes now the Plaintiff and realleges each and every material and factual allegation of paragraphs 1 through 58 of Plaintiff's complaint as though the same were fully set forth here, and Plaintiff further avers that the action of the Defendant constituted age based discrimination against the Plaintiff in terms, conditions, and privileges of employment because of age, in violation of Age Discrimination in Employment Act of 1967, as amended, section 115 of the Civil Rights Act of 1991 (P.L. 102-166).

63. Defendant refused to hire Plaintiff for any of the sixty positions he applied for because of his age.

64. Plaintiff avers that the Defendant's illegal practices were intentional, willful, and wanton, and done with reckless disregard for the Plaintiff's· federally protected civil rights.

65. Plaintiff alleges that as a proximate result of the statutory violations by Defendant, he is now suffering and will continue to suffer material damages and economic losses, mental anguish and emotional distress, and other damages because of the discriminatory practices of the Defendant unless and until this Court grants relief.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Order Defendant to make whole Plaintiff, Rufus Brooks by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Plaintiff.

B. Order Defendant to make whole Plaintiff, Rufus Brooks by providing appropriate front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Plaintiff.

C. Order Defendant to make whole Plaintiff, Rufus Brooks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices Described in paragraphs 59, and 62 above, in amounts to be determined at trial.

D. Order Defendant to make whole Plaintiff, Rufus Brooks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 59, and 62 above, including embarrassment, humiliation, and emotional pain and suffering, in amounts to be determined at trial.

E. Order Defendant to pay Plaintiff Rufus Brook punitive damages for its malicious and reckless conduct described in paragraphs 59 and 62 above, in amounts to be determined at trial

F. Grant Plaintiff reasonable attorney's fees and cost; and any such other relief that the Court deems necessary and proper.

16

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.


Respectfully


Submitted, May 10, 2018

Rufus Lovell Books, acting pro se

14016 Myrtlewood Drive

Orlando, Florida 32832

Ph.: (407) 704-8123

E-mail: brooks.rufus@yahoo.com

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Rufus L. Brooks**<br>**14016 Myrtlewood Dr.**<br>**Orlando, FL 32832** | From: **Chicago District Office**<br>**500 West Madison St.**<br>**Suite 2000**<br>**Chicago, IL 60661** |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2017-05798** | **Marcelo Ordonez,**<br>**Investigator** | **(312) 869-8142** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Julianne Bowman,**
**District Director**

2/15/18
(Date Mailed)

Enclosures(s)

cc: **SAC WIRELESS**
**c/o Susan Lorenc**
**Ryan Gehbauer**
**Thompson Coburn LLP**
**55 E. Monroe St., 37th Floor**
**Chicago, IL 60603**