

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RUFUS LOVELL BROOKS,

    Plaintiff,

v.

SAC WIRELESS, LLC,

    Defendant.

Case No. 1:18-CV-03472

Hon. Judge Edmond E. Chang

**FILED**

JUL 2 4 2018

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

### PLAINTIFF'S'S RULE 26 INITIAL DISCLOSURES

Plaintiff, RUFUS LOVELL BROOKS, acting pro se, and pursuant to Rule 26(a) (1) of the Federal Rules of Civil Procedure, hereby serve its initial disclosures to Defendant.

### GENERAL STATEMENT

Plaintiff does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure waive or prejudice the right of Plaintiff to object to the use of any such information during this or any subsequent proceeding.

1

The disclosures herein are based on the best information available to Plaintiff as of this date. Plaintiff reserves the right to modify, amend and/or supplement these disclosures. Plaintiffs' disclosures shall not constitute an admission that the information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the disclosure of such information.

Plaintiff will produce responsive, non-privileged documents; to the extent such documents exist and are in Plaintiff's possession, custody and control.

Subject to the foregoing, Plaintiff makes the following disclosures:

## INITIAL DISCLOSURES

i. **Individuals with Discoverable Information:**

1. Rufus Lovell Brooks, *Acting Pro Se*
   14016 Myrtlewood Drive
   Orlando, FL 32832

   Plaintiff has knowledge of the allegations set forth in his Complaint

2. Wanda Rodriguez
   Manager of Human Resources
   540 West Madison
   Suite 1600
   Chicago, IL 60661

   Ms. Rodriguez has knowledge regarding the facts and circumstances of Plaintiff's claims in the Complaint.

3. Steve Rosenblum
   Manager of Human Resources
   540 West Madison
   Suite 1600
   Chicago, IL 60661

   Mr. Rosenblum has knowledge regarding the facts and circumstances of Plaintiff's claims in the Complaint.

2

4.     Jeff Woods, SAC Wireless's Construction Manager
Address Unknown.

    Mr. Woods has knowledge regarding the facts and circumstances of Plaintiff's claims in the Complaint.

5.     Ashley Fenoglio  SAC Wireless's recruiter
660 Newport Center Drive, Suite 200 Newport Beach, CA 92660

    Ms, Fenoglio has knowledge regarding the facts and circumstances of Plaintiff's claims in the Complaint.

6.     Juan Cruz  SAC Wireless's employee.
Address Unknown

    Mr. Cruz has knowledge regarding the facts and circumstance of Plaintiff's claim in the Complaint. Mr. Cruz interviewed Plaintiff in personal and knows Plaintiff's race and age.

7.     Jeff Hann, SAC Wireless's Director
Address Unknown

    Mr. Hann has knowledge regarding the facts and circumstances of Plaintiff's claims in the Complaint. Mr. Hann is a former co-worker of Plaintiff has knowledge regarding Plaintiff's race and age.

8.     LinkedIn Corporation
ATTN: Legal Department
1000 West Maude Avenue
Sunnyvale, CA 94085

    LinkedIn has knowledge regarding the facts and circumstances of Plaintiff's claims in the Complaint. LinkedIn has knowledge regarding the facts of Defendant's recruiting and interviewing process.

9.     Glasshouse, LLC
ATTN: Legal Department
Mill Valley, CA

    Glasshouse has knowledge regarding the facts of Defendant's recruiting and interviewing process.

ii. **Documents Plaintiff May Use To Support Its Claim**

1. Plaintiff's personal information on file with the Defendant that idenifited Plaintiff's age and race.

2. Plaintiff's applications for positions with SAC Wireless.

3. Documents related to the Plaintiff's applications for positions with SAC Wireless..

4. Documents related to the positions applied to by Plaintiff.

5. E-mail communication between Plaintiff and Defendant's employees

6. E-mail communication between Plaintiff and Defendant's staffing agencies that idenitied Plaintiff's age and race.

7. E-mail communication between LinkedIn and Plaintiff regarding Defendant's recruitment process.

8. Electronic notifications from LinkedIn informing Plaintiff that his profile was viewed by Defendant's employees.

9. Glasshouse reviews.

10. Any and all documents identified by Defendant and not objected to by Plaintiff.

11. Plaintiff reserves its right to supplement this list with any additional documents identified during the discovery of this matter.

iii. **Damages**

1. Past due mortgage payment of $25,747.00
2. 401 K withdraws in the amount of $30,000.00.

iv. **Insurance**

None.

Dated this 20th day of July, 2018.

                                                                  Rufus Lovell Brooks,
Acting pro se
Phone: (407) 704-8123
E-mail: brooks.rufus@yahoo.com

## CERTIFICATE OF SERVICE

I certify that, on this 20th day of June, 2018, a copy of Plaintiff's Initial disclosures to Defendant hereof was served via email, and U.S. registered mail to:

*[signature]*

Thompson Coburn, LLP
Ryan J. Gehbauer
rgehbauer@thompsoncoburn.com
P: 312.580.5033
F: 312.580.2201
M: 773.841.8726
55 East Monroe Street
37th Floor
Chicago, IL 60603
www.thompsoncoburn.com