IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUFUS LOVELL BROOKS,<br><br>    Plaintiff,<br><br>v.<br><br>SAC WIRELESS, LLC,<br><br>    Defendant. | Case No. 18-cv-03472<br><br>Judge Edmund E. Chang<br>Magistrate Judge Michael T. Mason |

### SAC WIRELESS, LLC'S MOTION FOR A PROTECTIVE ORDER ON PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE

Defendant SAC Wireless, LLC ("SAC"), by and through its undersigned counsel, for its Motion for a Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) limiting Plaintiff's Rule 30(b)(6) Deposition Notice, states as follows:

### INTRODUCTION

Plaintiff, Rufus Brooks' ("Brooks" or "Plaintiff") Complaint alleges that SAC discriminated against him on account of his age and race by not hiring him for one of the sixty plus positions to which he has applied. This lawsuit presents one threshold dispositive question for this Court – did SAC's hiring manager(s) know Mr. Brooks' age and/or race when rejecting his applications? Mr. Brooks has produced no evidence in written discovery, and he will not produce any evidence in oral discovery, to answer this question in the affirmative. But even if Mr. Brooks could show that SAC's hiring manager(s) knew his age and/or race when rejecting his applications, Plaintiff's lawsuit takes issue with only the positions to which he applied, and the reason why SAC's hiring manager(s) did not hire him. Yet, Mr. Brooks has issued a Rule 30(b)(6) notice to SAC requesting that the company produce a witness on 36 topics (including subparts) that are not described with reasonable particularity, overly broad, vague, not relevant to Plaintiff's

claims, and/or not proportional to the needs of this case. See Attachment A to Plaintiff's Rule 30(b)(6) Notice that is attached hereto as **Exhibit A**. Moreover, many of these topics seemingly request information that Mr. Brooks already knows, has requested in written discovery, or could obtain from sources that are more convenient, less burdensome, and less expensive. For these reasons, which are explained below, presenting witnesses on these 36 topics, as presently drafted, is an undue burden and expense for SAC. Accordingly, SAC requests that this Court enter a protective order forbidding Plaintiff's Rule 30(b)(6) Notice, as drafted, or otherwise limiting the topics for which it must produce a Rule 30(b)(6) corporate representative.

## DISCOVERY BACKGROUND

On June 26, 2018, this Court ordered that the parties propound their Mandatory Initial Discovery Pilot Project disclosures ("MID Disclosures") by July 23, 2018 and issue their written discovery requests by July 27, 2018. Dkt. No. 10. This Order also specifically requires that Plaintiff should provide any evidence that he believes tends to show that Defendant knew his race and age at the time of the rejection of his applications. *Id.* Consistent with this Order, SAC served Plaintiff with its MID Disclosures on July 23, 2018, and its first set of Interrogatories, Requests for Production of Documents, and Requests for Admission of Facts and Genuineness of Documents ("RFAs") (collectively, "Written Discovery Requests") on July 27, 2018. Plaintiff served SAC with his MID Disclosures on July 24, 2018, and his First Requests for Production to SAC ("RFP's) on July 27, 2018. Plaintiff has not served SAC with any other written discovery requests.

On August 27, 2018, SAC responded to Plaintiff's RFP's and produced 1,569 pages of documents. On August 30, 2018, Plaintiff responded to SAC's RFPs and largely re-produced the same documents that SAC produced in response to Plaintiff's RFPs. On September 10, 2018,

Plaintiff responded to SAC's Interrogatories and RFAs. Plaintiff's responses to SAC's Written Discovery Requests were deficient for a number of reasons, and the parties were unable to resolve all of those disputes on their own. On October 5, 2018, this Court ordered that Plaintiff answer amended RFA's by October 22, 2018, and amend his discovery responses as the parties previously agreed by October 26, 2018. Dkt. No. 22. On October 24, 2018, Plaintiff responded to SAC's amended RFA's, and on November 2, 2018 and November 15, 2018, Plaintiff amended his discovery responses.

The parties have scheduled the following fact depositions in Chicago:

- Regional Human Resources Business Partner, Wanda Rodriguez (1/10/2019)
- Director of Human Resources, Kevin Pope (1/11/2019)
- Director of Environmental, Health & Safety, Jeff Hamm (1/11/2019)
- Rufus Brooks (1/16/2019)[1]

On January 1, 2019, Plaintiff served SAC with notices of his intent to serve subpoenas for depositions upon four individuals; three are former SAC employees and one is an individual with no relation to SAC or this case, and has not been disclosed as someone who may have discoverable information. SAC will be filing a separate motion to quash these yet to be served subpoenas.

Finally, on December 18, 2018, Plaintiff served SAC with the Rule 30(b)(6) notice of deposition attached hereto as Exhibit A ("Notice"), which requests SAC to produce a corporate representative on January 10, 2019 to testify about 36 separate topics. On December 28, 2018, the undersigned counsel sent Plaintiff the letter attached hereto as **Exhibit B** raising concerns with the

---

[1] SAC initially noticed Plaintiff's deposition for January 9, 2019 so that his deposition could take place when Mr. Brooks planned to travel to Chicago for depositions of SAC employees. Mr. Brooks advised the undersigned counsel that he is not available for a deposition on January 9, 2019, but that he is available for a deposition in Florida on January 16, 2019. Mr. Brooks refuses to sit for his deposition in Chicago. SAC is filing a separate motion to compel Mr. Brooks to make himself available for his deposition in Chicago.

scope, vagueness, and other improper aspects of the 30(b)(6) topics, and to request that the parties discuss the possibility of clarifying and/or limiting the scope of the topics. In this letter, the undersigned counsel also advised Plaintiff that it would make Kevin Pope available to testify about certain topics in the Notice, if properly narrowed as discussed below. See **Exhibit B**. Mr. Pope is already scheduled to be deposed as a fact witness on January 11, and that deposition may alleviate Plaintiff's need to take a separate 30(b)(6) deposition.

On January 2, 2019, the parties had a phone call to discuss the contents of the December 28, 2018 letter pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2. During this call, Plaintiff advised the undersigned counsel that he is not willing to revise, or discuss revisions, to the topics identified in the Notice to clarify and/or limit the scope of the topics. Given Plaintiff's refusal to have any meaningful discussion to resolve this discovery dispute (a common theme in this case), the undersigned counsel determined that Court intervention was necessary and advised Plaintiff that SAC would file a Motion for a Protective Order. Plaintiff advised the undersigned counsel that he will object to any Motion for a Protective Order, and he requested that any discovery motion such as this be filed before he travels to Chicago for depositions on January 10, 2019. The email exchange attached hereto as **Exhibit C** immediately followed this phone call. Accordingly, SAC has complied with its obligations under Rule 37 and Local Rule 37.2 by making a good faith attempt to resolve this dispute.

### ARGUMENT

Rule 30(b)(6) allows a party to "name as the deponent a public or private corporation…or other entity[,]" but a party "must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). After a party has made this showing, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate

- 4 -

other persons who consent to testify on its behalf..." *Id*; *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853, at *1 (N.D. Ill. July 19, 2001). Additionally, Federal Rule of Civil Procedure 26 governs Rule 30(b)(6) depositions. Thus, the scope of a 30(b)(6) deposition is further limited by the relevancy and reasonableness standards imposed by Rule 26(b)(1). *U.S. E.E.O.C. v. Source One Staffing, Inc.*, 2013 WL 25033, at *3 (N.D. Ill. Jan. 2, 2013).

Section (c)(1) of Rule 26 provides that this "Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by (D) "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." F.R.C.P. 26(c)(1). Furthermore, section (b)(2)(C) provides:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

F.R.C.P. 26(b)(2)(C).

District courts have broad discretion to decide when a protective order is appropriate and to what degree of protection is required. *Sloan Valve Co. v. Zurn Indus.*, 2012 WL 5499412, at *1 (N.D. Ill. Nov. 13, 2012). Such discretion is appropriately used to protect a party from an improperly noticed 30(b)(6) deposition. *See Sloan Valve Co.*, 2012 WL 5499412, at *2. Here, entry of a protective order limiting the scope of Plaintiff's Rule 30(b)(6) Notice is necessary to protect SAC from the undue burden and expense of preparing and presenting witnesses to testify

on topics that are overbroad, vague, not reasonably calculated to lead to the discovery of admissible evidence, and that can be obtained through less burdensome, and less expensive, sources. Indeed, Plaintiff's Notice is so overbroad and vague that it is impossible for SAC to identify and prepare the appropriate corporate representative(s) to testify.

SAC is not attempting to thwart discovery. Rather, SAC has agreed to produce a Rule 30(b)(6) designee on any relevant topic that is described with reasonable particularity, and that has not been, and cannot be, discovered by less burdensome or expensive means. However, Requiring SAC to fully comply with Plaintiff's Notice, as written, is not only impossible, but will also serve no purpose other than permitting Plaintiff to engage in a fishing expedition while unduly burdening and harassing SAC in the process. With that in mind, a protective order limiting the scope of Plaintiff's Notice should be entered for the following reasons.

### I. The Court Should Enter a Protective Order That Forbids or Otherwise Limits the Scope of Plaintiff's Notice Because the Topics Sought are Overbroad and Vague

Plaintiff's Rule 30(b)(6) Notice is required to describe the topics for examination with "reasonable particularity." FED. R. CIV. P. 30(b)(6). Court have routinely entered protective orders or quashed 30(b)(6) notices that do not comply with the strictures of the rule and are overbroad and vague. *See, e.g., Brown v. Univ. of Illinois*, 2014 WL 1493117, at *3 (N.D. Ill. Apr. 16, 2014) (quashing the Rule 30(b)(6) notice as being overbroad and instructing pro-se Plaintiff to narrow the topics and refile his notice with the proposed topics); *Source One Staffing, Inc.*, 2013 WL 25033, at *4 (entering protective order on a 30(b)(6) notice that did not specify the matters for examination with reasonable particularity); *Clauss Constr. v. UChicago Argonne LLC*, 2015 WL 191138, at *3 (N.D. Ill. Jan. 13, 2015) (same); *see also, E3 Biofuels, LLC v. Biothane, LLC*, 2013 WL 4400506, at *2 (D. Neb. Aug. 15, 2013) (entering protective order because notice topics were overly broad and vague and "fail to set forth the topics of inquiry with reasonable particularity").

The reason for the court's strict adherence to Rule 30(b)(6)'s standard is that an overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. *Zimmer, Inc. v. Stryker Corp.*, 2016 WL 11033917, at *6 (N.D. Ind. Feb. 22, 2016); *see also*, *Hartford Fire Ins. Co. v. P&H Cattle Co.*, 2009 WL 2951120 (D. Kan. 2009) ("If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.") The topics in Plaintiff's Notice fail to meet the reasonable particularity standard of Rule 30(b)(6) for a number of reasons. Indeed, the topics in Plaintiff's Notice are so overbroad and vague, that it is impossible for SAC to properly identify and prepare a witness to be deposed.

### A. Plaintiff's Notice Fails to Include a Relevant Time Period

Plaintiff defines the time period for the topics in his Notice as January 1, 2014 to present. *See* Ex. A, Attachment A. This time period seeks testimony regarding information that is irrelevant and not proportional to the needs of this case, which takes issue with Plaintiff's applications that allegedly began in July, 2015, July, 2016, or October, 2016, and ended April, 2017. Compl., ¶¶3, 18, 49, 52. As written, Plaintiff's Notice would require SAC to produce a witness to testify about information that may exist long before and long after Plaintiff submitted applications with SAC, and thus have no relevance to this case. Plaintiff's failure to specify the relevant time for which information will be sought indicates that these topics are not described with reasonable particularity and do not comply with the strictures of the rule. *See Burke v. Burlington N. & Santa Fe Ry. Co.*, 2013 WL 12242020, at *1 (C.D. Ill. Aug. 6, 2013) (slip copy) (notice noncompliant where relevant time period omitted). In an effort to comply with the topics that are otherwise overbroad, vague, irrelevant, and inappropriate for a 30(b)(6) deposition (as described below), SAC proposes a time period of July, 2015 to May, 2017 (when Plaintiff filed this Complaint). Plaintiff has refused to discuss a different time frame or otherwise limit the topics such that

Plaintiff's Notice might comply with Rule 30(b)(6), and, as drafted, Plaintiff's Notice is overbroad and seeks information that is irrelevant and not proportional to the needs of the case. Accordingly, SAC requests a protective order limiting the time frame as outlined above.

### B. Plaintiff's Notice is Otherwise Overbroad and Vague

Plaintiff's Notice fails to describe Topics 1, 2, and 3, and their subparts, with reasonable particularity for a number of reasons. Topic 1 reads as follows:

> For the period from January 1, 2014 to the present, identify and describe in detail with specificity SAC's:
>
> Corporate structure and personnel
>
> a. Company headquarters
> b. Board of Directors
> c. President
> d. Management Committee and/or Executive Team
> e. Organization Chart
> f. Corporate headquarters Divisions
> g. Employee classifications
> h. Human Resources Department
> i. Regional/District structure

This request is extremely overbroad and vague. Its starting point is that SAC should prepare witnesses to testify about the company's entire corporate structure and personnel from 2014 to present, including (and therefore not limited to) nine broad subtopics, yet fails to specify the definitions of these terms or the information sought. See Ex. A. The term, "corporate structure and personnel" is subject to multiple interpretations and could encompass a wide variety of topics regardless of their relevance to this case (i.e. testimony about all of SAC's employees), such that SAC would be forced to guess what information Plaintiff seeks to examine in order to comply with the Notice.

The fact that Plaintiff also lists nine subtopics does not provide more clarity. Indeed, a 30(b)(6) deposition topic that includes, but is not limited to, specified terms is, by definition,

overly broad and ambiguous. *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002). Moreover, each of the subtopics are also overbroad and vague. Each subtopic is subject to multiple interpretations that could encompass a wide variety of irrelevant topics. Most troubling in this regard are Topics 1(f), 1(g), and 1(i) since SAC cannot even guess what Plaintiff means by "Corporate headquarters Divisions," "employee classifications," and "Regional/District structure," respectively. To the extent the term, "employee classifications" seeks testimony about FLSA classifications for SAC's employees, this information is excessively broad and not relevant to Plaintiff's claims. To the extent the term, "Regional/District structure" seeks information regarding the location of any regional offices, this information is publicly available (see below).

Topic 2 is likewise overly broad and vague. Topic 2 reads as follows:

For the period from January 1, 2014 to the present, identify and describe in detail with specificity SAC's:

Personnel policies and practices

a. Formulation and development
b. Implementation and enforcement
c. HR training and supervision provided by corporate headquater[s]
d. Personnel recordkeeping
e. Employment Applications
f. Recruiting and hiring practices
g. Employment selection process
h. SAC's equal employment opportunity policy
i. SAC's employment complaint policy
j. How SAC used LinkedIn and other social media outlet[s] in its recruiting practice
k. Employee manual or handbook
l. Hiring and initial job assignment
m. Training
n. Promotions
o. EEOC or diversity policy
p. EEOC training provided to employees
q. EEOC discrimination, complaints
r. EEOC retaliation complaints
s. EEOC tracking and reporting
t. Diversity make-up of the work force by race, age, gender, national origin

Topic 2 purports to require someone from SAC to address each and every rule, policy, and practice in existence at SAC from January 1, 2014 until present, regardless of their relevance to this case. Again, each of the subtopics are overly broad and vague, and do not save Topic 2.

Finally, Topic 3 is also overly broad and vague. Topic 3 states:

For the period from January 1, 2014 to the present, identify and describe in detail with specificity SAC's:

Third party recruiting and hiring practices.

a. Name of all staffing agencies contracted by SAC for recruiting [purpose] from 2014 until the present
b. How SAC managed the agencies, including the name and job title of all individuals responsible for them
c. How staffing agencies are selected
d. Recruiting directions, instruction and training, provided to staffing agencies by SAC.

Topic 3 purports to require someone from SAC to address all third party recruiting and hiring practices (whatever that means) since January 1, 2014, regardless of their relevance to this case (i.e. recruiting and hiring practices for jobs to which Plaintiff did not apply, and are thus not in dispute here).

Simply put, addressing such open-ended topics, and even locating, and attempting to prepare, a witness to do the same would be impossible. SAC is not in a position to propose such a witness, nor is it required to do so, without further specificity from Plaintiff. *See Zimmer, Inc.*, 2016 WL 11033917, at *6; *RM Dean Farms v. Helena Chemical Co.*, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (requiring testimony on topics so vast in scope, so open ended, and so vague would make compliance with the notice impossible); *E3 Biofuels, LLC*, 2013 WL 4400506, at *3 ("Plaintiff cannot be left to guess about the information [defendant] wishes to obtain, and then open itself up to complaints that it failed to produce appropriate individuals to testify.").

Plaintiff has refused to provide such specificity, and thus, a protective order forbidding, or otherwise limiting, the scope of these topics is necessary.

> II. **The Court Should Enter a Protective Order that Forbids Plaintiff From Seeking Testimony Unrelated to Plaintiff's Claims or Otherwise Limits the Scope of Plaintiff's Notice to Testimony Related to Those Claims.**

Where a 30(b)(6) topic requests testimony that is beyond the scope of the allegations set forth in the Complaint, a protective order should be entered. *Clauss Constr.*, 2015 WL 191138, at *3 (N.D. Ill. Jan. 13, 2015) (quashing topic because it "potentially encompasses matters that are beyond the confines of [plaintiff's] claims"). Here, numerous topics are beyond the scope of the allegations in the Complaint. These topics are overbroad, irrelevant, and not proportional to the needs of the case because they seek information that has nothing to do with Plaintiff's claims regarding the applications at issue.

Most glaring in this regard are the topics requesting information regarding all of SAC's employees and its employment policies, practices, and procedures. As Plaintiff alleges, he has never been employed by SAC. Rather, the Complaint takes issues with SAC's decision to not hire Plaintiff. Therefore, with respect to Topic 1, any information relating to SAC's corporate structure and personnel other than SAC's personnel with whom Plaintiff may have interacted in relation to the applications he submitted, or the hiring managers for the positions to which he applied, is completely irrelevant to this case. Concerning Topic 2, all but Topics 2(e) – (g), (j), and parts of (t) (which as explained below, are objectionable for other reasons), have nothing to do with Plaintiff's applications for employment with SAC or SAC's rejection of those applications. As to topic 2(t), to the extent Plaintiff wants to know the race and age of individuals who were hired for the positions to which he applied, this information is best suited to be obtained through written discovery, and thus, not proper for a 30(b)(6) deposition (see below). It would be impossible to

expect one witness to memorize the 60 plus people, and their race and age, who were hired instead of Plaintiff. Moreover, since Plaintiff's Complaint does not assert claims of discrimination based on his gender and/or national origin, such information regarding SAC's work force is entirely irrelevant here.

Topic 3 is also beyond the scope of the allegations in the Complaint because it seeks information regarding SAC's third party recruiting and hiring practices, including its relationship with staffing agencies for positions to which Plaintiff did not apply, and during times when Plaintiff did not submit any application with SAC. Moreover, any contractual relationship between SAC and third party staffing agencies, how that relationship is managed by SAC, and how SAC selects, directs/instructs, or trains staffing agencies has nothing to do with SAC's decision to not hire Plaintiff. The information sought in Topic 3 is entirely irrelevant here. To permit inquiries into these subjects would merely encourage Plaintiff's on-going fishing expedition, which is not proper for a 30(b)(6) deposition or any other discovery mechanism.

### III. The Court Should Enter a Protective Order that Forbids Plaintiff from Seeking Testimony on Information that Has Been, or Could Be Obtained by Less Burdensome and Expensive Sources

To the extent SAC can decipher the topics, many of the topics purport to seek information that Plaintiff either already knows, or that he has obtained, or could obtain, from sources that are more convenient, less burdensome, and less expensive. For example, to the extent topic 1 seeks the location of the company headquarters during a relevant time (1(a)), the names of any board of directors during a relevant time (1(b)), the name(s) of the company's president during a relevant time (1(c)), the names of members of any management committee or executive team during a relevant time (1(d)), a copy of any organization chart during a relevant time (1(e))[2], a

---

[2] SAC has no idea what Plaintiff means by "Corporate Headquarters Divisions" (1(f)).

list of FLSA classifications for each employee or job title (1(g)), the names of members of the Human Resources Department during a relevant time (1(h)), and the location of any regional offices during a relevant time (1(i)), Plaintiff either already knows this information or it can be obtained from sources that are more convenient, less burdensome, and less expensive. Specifically, 1(a) and 1(i) is publicly available on SAC's website. Even more, allegations in the Complaint indicate that Plaintiff already knows the current location of SAC's corporate headquarters and the names of members of the company's HR department. Compl., ¶11, 51. Finally, all of the above information could easily be obtained through, and is more appropriate for, written discovery requests. Topic 1 mirrors interrogatories or requests for production, which courts find "absurdly overbroad" and not within the confines of Rule 30 (b)(6). S*ee Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.C.C. 2004).

Like Topic 1, Topics 2 and 3 seek information that is better suited for written discovery requests. Tellingly, certain topics request the production of documents that Plaintiff has already asked for in written discovery. For example, Topic 2(e) overlaps with Request to Produce No. 6, Topics 2(g) and (t) overlap with Request to Produce No. 1, Topic 2(j) overlaps with Request to Produce No. 5, and Topics 2(q) – (s) overlap with Request to Produce Nos. 2 and 4. A true and correct copy of SAC's response to Plaintiff's RFPs is attached hereto as **Exhibit D**. For the same objections set forth in response to these Requests to Produce, SAC objects to Plaintiff seeking testimony regarding the same. Also, SAC has already produced its equal employment opportunity policy and all of Plaintiff's employment applications in response to Request to Produce Nos. 1 and 6, respectively, and has advised Plaintiff that it has no documents in response to Request to Produce No. 5.

Plaintiff has refused to clarify that the information he seeks in Topics 2 (e), (g), and (q) – (t) is relevant information that has not already been sought, or provided, in written discovery. The remainder of the topics in the Notice seek information that is publicly available, or best suited for written discovery. Yet, Plaintiff has refused to specify why he needs a witness to explain the information that is already known, or could easily be known through written discovery. Accordingly, even if the information sought in the Notice were relevant to this case, which it is not, SAC should not be burdened to produce a witness to testify about topics that have been, or could be, obtained through less burdensome and expensive sources, and this Court should enter a protective order forbidding testimony regarding the same.

## **CONCLUSION**

As the foregoing makes clear, Plaintiff's Notice is deficient for a number of reasons. Numerous topics are not described with reasonable particularity because they are not reasonably in time and scope, overbroad, and/or vague. Further, a number of topics seek testimony wholly unrelated to Plaintiff's claims against SAC. Indeed, certain topics suffer from multiple issues (i.e., there is overlap in the categories described above).

SAC seeks a protective order that conforms to the limitations provided herein so that SAC is not subject to annoyance, oppression, and the undue burden associated with Plaintiff's Notice. Given the uncertainty that can come with a 30(b)(6) notice as broad and unwieldy as Plaintiff's Notice, and the inherent difficulties in organizing the topics sought into categories to brief such issues, SAC summarizes the relief sought as follows:

(1) For the reasons stated above, SAC requests a protective order which confirms that SAC must not produce a witness, and otherwise forbids inquiry, on the topics, as drafted;

(2) For the reasons stated above, SAC requests a protective order that limits the testimony requested by Plaintiff's Notice to the time period of July, 2015 until May, 2017 and to information

that (a) is related to Plaintiff's claims, applications, and/or SAC's decision to reject the same, (b) is not publicly available, (c) has not been obtained, or could have been obtained, through written discovery, and (d) relates to the following topics: 2(e) – (g), 2(j), and 2(t), and 3.

WHEREFORE, Defendant SAC Wireless, LLC respectfully requests that this Court enter a protective order forbidding or limiting the topics in Plaintiff's 30(b)(6) Notice for the reasons outlined herein, and for any further relief deemed necessary and just under the circumstances.

SAC WIRELESS, LLC

By: /s/ Ryan J. Gehbauer
One of Defendant's Attorneys

Susan Lorenc
Ryan Gehbauer
Thompson Coburn LLP
55 East Monroe St., 37th Floor
Chicago, Illinois 60603
(312) 346-7500
slorenc@thompsoncoburn.com
rgehbauer@thompsoncoburn.com