IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUFUS LOVELL BROOKS, | |
| Plaintiff, | |
| v. | Case No. 18-cv-03472 |
| SAC WIRELESS, LLC, | Judge Edmund E. Chang |
| | Magistrate Judge Michael T. Mason |
| Defendant. | |

**SAC WIRELESS, LLC'S EMERGENCY MOTION TO TERMINATE LITIGATION AND FOR SANCTION**

Defendant SAC Wireless, LLC ("SAC"), by and through its undersigned counsel, for its Emergency Motion to Terminate Litigation and for Sanction, states as follows:

**BACKGROUND FACTS**

1.  On February 21, 2019, *pro se* Plaintiff Rufus Brooks ("Plaintiff") took the depositions of SAC employees Jeff Hamm and Kevin Pope in the offices of Thompson Coburn, SAC's counsel. During Mr. Hamm's deposition, Plaintiff was extremely contentious and hostile to both Mr. Hamm and counsel for Plaintiff, Susan Lorenc. For example, Plaintiff told Ms. Lorenc that "he will come at her" if she interrupted his deposition. He then proceeded to make verbal threats throughout Mr. Hamm's depositions. Following Mr. Hamm's deposition, Plaintiff told Mr. Hamm that he "looked forward to seeing him in Atlanta," where Mr. Hamm lives, even though Plaintiff lives in Orlando. Ms. Lorenc asked Plaintiff if he was threatening Mr. Hamm and Plaintiff responded that Mr. Hamm will see what he means. While some of the threatening comments were made while the court reporter was transcribing the deposition, many of the menacing statements were made off the record. There were numerous witnesses to the comments, however, including the court reporter, the deponent, and SAC's corporate representative, Jacob Shorette.

2. On February 22, 2019, at 9:00 am, Plaintiff returned to Thompson Coburn's office to take SAC employee Wanda Rodriguez's deposition. During the deposition, Plaintiff continued his campaign of making menacing comments, both on and off the record, in front of Ms. Rodriguez, Ms. Lorenc, Mr. Shorette, and the court reporter. The deposition concluded around 9:45 am, at which point Ms. Lorenc asked Plaintiff if he would agree to start his deposition early; it had been previously noticed for 1 pm, but in light of the early ending of Ms. Rodriguez *and* in light of the fact that Plaintiff was flying back to Orlando tonight, Ms. Lorenc suggested Plaintiff's deposition start at 11 am instead. Plaintiff refused the suggestion and started to argue with Ms. Lorenc about the start time. Plaintiff then left the conference room but returned a few moments later; he stood in the open door way of Thompson Coburn's conference room and began loudly confronting Ms. Lorenc about his deposition's start time. By this point, others at Thompson Coburn heard his yelling and approached him. Specifically, Thompson Coburn's office manager and managing partner both asked Plaintiff to quiet down. Plaintiff responded with saying that they could not tell him what to do and he would do whatever he wanted. Thompson Coburn's office manager then asked him to leave and Plaintiff responded that no one could tell him to leave and that the office manager could "eat him." This exchange was witnessed by Ms. Rodriguez, Ms. Lorenc, Mr. Shorette, and the court reporter (in addition to Thompson Coburn's office manager, managing partner and receptionist).

3. In light of Plaintiff's threatening and hostile conduct over the last two days, Thompson Coburn is uncomfortable allowing Plaintiff to return to its office for his 1 pm deposition today or at any point in time in the future.

4. SAC can supplement its filing with transcripts and affidavits from witnesses, if necessary, though such transcripts and affidavits are not currently available, given the emergency nature of this Motion.

**ARGUMENT**

5. In light of Plaintiff's threatening and hostile conduct over the last two days, Plaintiff's case against SAC should be dismissed for abuse of process, owing to Plaintiff's ongoing threatening conduct in the course of litigation, namely his menacing conduct over the last two days.

6. District courts have inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit. *Waivio v. Bd. of Trustees of Univ. of Illinois at Chicago*, 290 F. App'x 935, 937 (7th Cir. 2008), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Montano v. City of Chi.*, 535 F.3d 558, 563-64 (7th Cir.2008). The severity of a sanction should be proportionate to the gravity of the offense. *Id.*, citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). And although dismissal as a sanction "should be employed sparingly and only when there is a record of delay, contumacious conduct, or other, less drastic sanctions prove unavailing," (internal citation omitted), the 7th Circuit has upheld dismissals where the plaintiff engaged in conduct such as filing motions designed to harass, making improper threats, and delaying litigation unnecessarily. *Id.*, citing *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir.1997); *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir.1989); *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir.1986).

7. In *Waivio*, the plaintiff's conduct "veered into the truly abusive." *Id.* So too as Plaintiff in the instant case. Plaintiff repeatedly threatened deponent Jeff Hamm and SAC's

counsel, Susan Lorenc. He went on to verbally attack other members of Ms. Lorenc's law firm, all of which took place in front of numerous witnesses over the course of two days. As in *Waivio*, Plaintiff's behavior "went beyond the bounds of what a district court could be expected to indulge."

8. Accordingly, Plaintiff's case against SAC should be dismissed with prejudice.

9. In addition, this Court should enter sanctions against Plaintiff, pursuant to Federal Rule of Civil Procedure 37.

10. In the meantime, SAC is uncomfortable and proceeding with Plaintiff's deposition in Thompson Coburn's office either today or at any point in time in the future. There is a genuine, good faith fear for the safety of those within Thompson Coburn. Accordingly, SAC requests an order acknowledging that Plaintiff's deposition will not proceed at 1 pm on February 22, 2019, as previously noticed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant SAC Wireless, LLC respectfully requests that this Court dismiss Plaintiff Rufus Brook's lawsuit with prejudice, for sanctions, and granting Defendant such other relief that this Court deems necessary and just.

Respectfully submitted,

SAC WIRELESS, LLC

By: */s/ Susan Lorenc*
One of Defendant's Attorneys

Susan Lorenc
Ryan Gehbauer
Thompson Coburn LLP
55 East Monroe St., 37th Floor
Chicago, Illinois 60603
(312) 346-7500
slorenc@thompsoncoburn.com
rgehbauer@thompsoncoburn.com