> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Argued December 16, 2020
Decided February 5, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2953

| | |
|---|---|
| RUFUS L. BROOKS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 03472 |
| SAC WIRELESS, LLC, *Defendant-Appellee*. | Edmond E. Chang, *Judge*. |

**ORDER**

Rufus Brooks sued SAC Wireless, LLC, asserting that it had discriminated against him in its hiring practices. SAC moved to dismiss the case with prejudice based on Brooks's behavior during two days of depositions. After an evidentiary hearing, the district court granted SAC's motion. Brooks, who represented himself, attempted to appeal by emailing a notice of appeal to the district judge and mailing it, late, to the district court clerk's office. Because Brooks's notice of appeal was untimely, we dismiss his appeal for lack of jurisdiction.

Case: 1:18-cv-03472 Document #: 86 Filed: 03/01/21 Page 2 of 5 PageID #:1408
Case: 19-2953      Document: 00713772745      Filed: 03/01/2021      Pages: 5

No. 19-2953                                                                     Page 2

# I

Brooks applied for 60 positions with SAC. After none of these applications was successful, he sued SAC for age and race discrimination in violation of federal law. See 29 U.S.C. §§ 623, 626 (age); 42 U.S.C. §§ 2000e-2, 2000e-5 (race). During discovery, the parties agreed to depose several witnesses over the course of two days at the Chicago offices of SAC's counsel, Thompson Coburn LLP. Brooks engaged in aggressive and threatening behavior during the depositions, prompting SAC to file an emergency motion to dismiss the case. After conducting an evidentiary hearing, the court found that Brooks threatened one of the deponents. Because of the seriousness of the offense, the court dismissed the case with prejudice, as a sanction against Brooks.

The district court entered judgment on August 23, 2019. Until this point, on three occasions the court had allowed Brooks to email documents to chambers (though Brooks ended up doing so only twice). One submission was unsolicited: in April 2019, Brooks emailed to chambers a motion to continue a hearing, in addition to mailing the motion to the clerk's office. The judge had the motion filed electronically in the interest of time and then ruled on it before the clerk's office received and docketed the hard copy. In addition, twice the judge ordered Brooks to email something. On January 16, 2019, the judge ordered that "in addition to mailing the response with the Clerk of Court, [Brooks] shall email a .pdf copy of [his] response to chambers." The judge did so "[t]o facilitate timely receipt by the Court" and to ensure that the court would have sufficient time to review the filing before having to rule. Brooks did not end up filing the response. The second time, the judge told Brooks to "file" his post evidentiary hearing response "both by mailing it and also by emailing a copy" to chambers. This was a generous move: the response was already a month late, and Brooks had filed a procedurally deficient extension motion. The clerk's office accepted the tardy response.

On the final day to file a notice of appeal, September 23, 2019, Brooks emailed his notice to the judge's chambers and opposing counsel. The same day, he mailed a hard copy to the clerk's office. The clerk's office entered it onto the docket on October 7, 2019, backdating it to October 1, 2019 (when the mailed copy was received).

# II

SAC argues that we lack jurisdiction because Brooks filed his notice of appeal more than 30 days after the district court entered final judgment. See 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). SAC allows that, had Brooks timely emailed a notice of appeal to the clerk's office, not chambers, he might have fulfilled his filing obligations. This is because an error of form does not foreclose appellate jurisdiction. See FED. R. CIV. P. 5(d)(4); *Farley v. Koepp*, 788 F.3d 681, 683 (7th Cir. 2015) (explaining that a filing occurs even when not in the form prescribed by local rules); *United States v.*

*Harvey*, 516 F.3d 553, 556 (7th Cir. 2008) ("The difference between a hard copy and an electronic submission is a mere error of form.").

SAC insists that emailing the notice of appeal to the district judge's chambers is not simply an error of form. But the judge overseeing a case can agree to accept documents for filing, FED. R. CIV. P. 5(d)(2)(B), and it would be odd if Rule 5(d)(4)'s "error of form" exemption applied only to the clerk's office and not the judges tasked with overseeing the office, see *Passananti v. Cook County*, 689 F.3d 655, 660 (7th Cir. 2012). The sole question before us, then, is whether the judge here agreed within the meaning of Rule 5(d)(2)(B) to accept Brooks's emailed notice of appeal for filing purposes.

The district judge never stated that he would accept all documents for filing, but Brooks (with the able assistance of an *amicus curiae* we recruited) argues that the judge implicitly agreed to do so. Brooks points to the two times the judge instructed him to email copies of filings to chambers along with mailing them to the clerk's office and the time when chambers filed Brooks's emailed motion to continue a hearing. But the judge's two requests that Brooks email documents do not demonstrate permission to file all documents this way. If anything, the judge's rare requests suggest that, absent such an order, a document had to be mailed only to the clerk's office.

The district court inadvertently may have confused this message when it filed an emailed motion on Brooks's behalf. Although the judge did not agree to accept other unsolicited emails for filing, it would have been helpful to clarify that this was a one-time dispensation, not a general practice. See generally *Zammit v. IRS*, No. 16–2703, 2017 WL 6276122, at *1 (6th Cir. June 30, 2017) (district court agreed to file an unsolicited document on litigant's behalf but instructed that all future submissions be filed with the clerk). But the court did explain that it had filed the motion as a courtesy to Brooks given the time-sensitive nature of his request. Though Brooks assumed, based on this conduct, that an agreement to accept filings pursuant to Rule 5(d)(2)(B) existed, his subjective belief is insufficient to save his appeal.

Nothing in Rule 5(d)(2)(B) dictates how an agreement should be made. Forty-five years ago, the Second Circuit held that Rule 5(e)—Rule 5(d)(2)(B)'s predecessor—could not be invoked by a district court *sua sponte*. *Int'l Bus. Mach. Corp. v. Edelstein*, 526 F.2d 37, 46 (2d Cir. 1975). It found that the language of the rule[1] suggested that one of the

---

[1] The rule's language has changed since the Second Circuit decided *IBM v. Edelstein*. In 1975, the rule said that the judge "may permit" papers to be filed with chambers. The Second Circuit believed that the rule would have used language such as "may order" if the court could invoke the rule unilaterally. *Int'l Bus. Mach. Corp.*, 526 F.2d at 46. The current language allowing parties to file papers with chambers when a judge "agrees to accept" them would likely support a

parties must ask the judge to accept filings in chambers. *Id*. But this reading is in tension with the wide discretion that district courts have to manage their dockets. See *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Stifel, Nicolaus & Co. v. Lac du Flambeau Band of Lake Superior Chippewa Indians*, 807 F.3d 184, 201 (7th Cir. 2015) (citing *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998)). The D.C. Circuit, on the other hand, does not look for the judge to "utter particular words or offer particular reasons" but asks simply whether the record shows that "the judge knowingly accept[ed] the filing." *United States v. Brown*, 921 F.2d 1304, 1309 (D.C. Cir. 1990); see 28 Fed. Proc., L. Ed. § 65:221 (2020). We find this pragmatic approach to be sensible.

Although Brooks subjectively believed that he could file his notice of appeal by emailing chambers, there is no evidence that the judge knowingly accepted his notice of appeal for filing. Brooks could have tested his assumption by moving for an extension of time and citing excusable neglect. See 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A); *Mayle v. Illinois*, 956 F.3d 966, 968 (7th Cir. 2020). But he did not. Particularly important to demonstrating knowledge in *Brown* was the district court's clear action to ensure that the document would be filed—it marked the date that the document was received and forwarded it to the clerk's office. *Brown*, 921 F.2d at 1309. There is no indication here that the district judge (or his staff) acted on Brooks's notice of appeal after receiving it.

Absent the type of conduct demonstrating intent that appeared in *Brown*, we would expect courts to establish any alternative method of filing with far more specificity than we see here. Indeed, numerous district courts, including the Northern District of Illinois, have done so in response to the Covid-19 pandemic. A November 13, 2020, order continued a temporary reprieve from the restriction on submitting filings by email in the Northern District of Illinois. *In Re: Coronavirus Covid-19 Public Emergency*, Eighth Amended General Order 20-0012, at 2 (N.D. Ill. Nov. 13, 2020). The court made clear that it is relieving pro se litigants from adhering to typical filing methods. *Id*. ("The Court suspends the prohibition against pro se parties emailing their filings."). But Brooks's errant filing occurred long before the pandemic, and the judge here did not provide similarly specific instructions. Whatever the judge's intentions concerning the two documents he instructed Brooks to email may have been, the instructions were limited to those documents. Brooks was fortunate that the judge also provided the courtesy of filing one of his motions on his behalf when time was of the essence, but we can find no evidence of a blanket agreement extending this practice to the filing of any other documents, including the notice of appeal.

---

similar line of reasoning. See *Agree*, OXFORD ENGLISH DICTIONARY (3rd Ed. 2012) ("To accede to a proposal put forward by another person").

    By inferring an agreement based on ambiguous conduct and Brooks's subjective beliefs, we would be treading on the dominion of the district court to manage its docket as it sees fit, see *Gonzalez*, 133 F.3d at 1030, and potentially treading on the statutory time for taking an appeal. We decline to do so. The notice of appeal was untimely, and we therefore lack appellate jurisdiction.

DISMISSED

CERTIFIED COPY

A True Copy
Teste:

_[signature]_
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit